IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY WHITNEY NORMAN, § <br> (TDCJ-CID #01718789) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> TEXAS COURT OF CRIMINAL § <br> APPEALS, et al., § <br> § <br> Defendants. § | | CIVIL ACTION H-14-0074 |

**MEMORANDUM AND OPINION**

Anthony Whitney Norman, a Texas Department of Criminal Justice inmate, sued in January 2014, alleging a denial of due process. Norman, proceeding *pro se* and *in forma pauperis*, sues: the Texas Court of Criminal Appeals ("TCCA"); the Fourteenth Court of Appeals; Sharon Keller, Chief Justice of the TCCA; and Adele Hedges, Chief Justice of the Fourteenth Court of Appeals.

Norman asserts that the TCCA has promulgated a new rule that deprives him of the right to factual review of his conviction. Norman argues that this new rule, announced in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), has shifted the burden to the criminal defendant to prove his innocence. Norman seeks an order requiring the TCCA to adopt the prior definition of factual sufficiency; an order for the Fourteenth Court of Appeals to review all appeals filed since October 6, 2010 using the correct meaning of factual sufficiency; and an order preventing Texas courts from redefining dictionary words.

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which

a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). This case lacks an arguable basis in law and fact.

Judges have absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly. A judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988) (denying judge absolute immunity when performing administrative rather than judicial duties).

Norman challenges the acts and omissions of the justices of the Fourteenth Court of Appeals and the TCCA. Issuing a ruling in an appeal of a criminal conviction is a normal judicial function. The alleged acts arose out of the manner in which the TCCA and the Fourteenth Court of Appeals handled the appeal.

The record is clear that the challenged acts of the TCCA and the Fourteenth Court of Appeals were judicial acts. Norman does not allege, nor does the record support, a clear absence of jurisdiction on the part of these judicial officers. Norman's claims against the TCCA and the Fourteenth Court of Appeals lack merit because he is seeking relief from parties who are immune from suit.

Norman's motion to proceed in forma pauperis, (Docket Entry No. 2), is granted. Because this action lacks an arguable basis in law, it is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Norman's motion to amend style, (Docket Entry No. 4), is denied as unnecessary.[1] Any remaining pending motions are denied as moot.

The TDCJ-CID must deduct twenty percent of each deposit made to Norman's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P. O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P. O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

---

[1] It appears that Norman was trying to identify the parties to the suit so that he could obtain the civil action number assigned to his lawsuit.

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on January 24, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge